[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11637
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00134-HLM

ROBERT RAY DUNN,
TINA ANN DUNN,

Plaintiffs-Appellants,

versus

MICHAEL STEWART,
ADVANTAGE WINDOWS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 20, 2019)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert and Tina Dunn filed this appeal after losing at trial on their claims for malicious prosecution and intentional infliction of emotion distress, which they brought against Michael Stewart and Advantage Windows, Inc. (Advantage).  As a brief background, Mr. Stewart owned and operated Advantage, a home-improvement company.  Mr. Dunn contracted with Advantage to remodel parts of the Dunns' home.  A dispute arose between the parties over the quality of Advantage's work, and Mr. Dunn terminated the contract.  However, the parties continued to dispute whether the Dunns owed Mr. Stewart and Advantage for the services rendered and for certain building materials.

Mr. Stewart sued Mr. Dunn for breach of contract.  Mr. Dunn filed for bankruptcy—effectively ending the lawsuit.  Mr. Stewart then sued Ms. Dunn, but that suit was dismissed because she was not a party to the contract.  Thereafter, Mr. Stewart initiated criminal proceedings for theft by conversion of the unpaid-for construction materials.  The Dunns were arrested and charged, though the state ultimately dismissed the charges.

Subsequently, the Dunns filed a complaint alleging malicious prosecution and intentional infliction of emotional distress against Mr. Stewart and Advantage. The parties proceeded to trial.

2

At trial, the district court made certain rulings now at issue on appeal.  First, the court excluded three portions of Mr. Stewart's deposition testimony.  The excluded portions concerned Mr. Stewart's responses to the following questions: (1) "What did you expect would be the result of the criminal prosecution of [the Dunns'] case?"; (2) "Did you think what [the Dunns] had done . . . justified [them] being put in jail?"; and (3) "If you could go back and do it again, would you still press criminal charges against [the Dunns]?"  The court found that these questions were improper because they called for speculation or legal conclusions.

Second, the court rejected the Dunns' proposed jury instruction, which stated that malice could be inferred from evidence that a criminal prosecution was undertaken for the purposes of collecting a debt.  Instead, the court instructed the jury that, under Georgia law, "there shall be no imprisonment for debt."  The court also instructed the jury that the Dunns were required to prove malice, that malice could be proved by direct or circumstantial evidence, and that malice could include personal spite or a "general disregard of the right consideration of mankind."  The jury returned a verdict in favor of Mr. Stewart and Advantage on both claims.

On appeal, the Dunns assert that the district court erred by excluding the three portions of Mr. Stewart's testimony and by failing to give their proposed malice instruction to the jury.  Because the district court did not abuse its discretion, we affirm.

3

## I.

We first address the district court's exclusion of portions of Mr. Stewart's deposition testimony. We review a district court's ruling admitting or excluding evidence for abuse of discretion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002). We will not reverse unless the district court's decision amounts to a clear error of judgment, even if we would have decided differently if the choice had been ours to make. *Id.* at 1363.

Here, the district court did not abuse its discretion. First, the court properly excluded testimony regarding whether Mr. Stewart thought that the Dunns deserved jailtime, as that question called for a legal conclusion. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness . . . may not testify to the legal implications of conduct."). Likewise, the district court did not abuse its discretion when it excluded as speculative the testimony regarding whether Mr. Stewart would still press charges against the Dunns if he could go back in time. *See* Fed. R. Evid. 701(a) (providing that a lay witness may offer his opinion if it is "rationally based on [his own] perception"); *see also Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) ("[S]peculative opinion testimony by lay witnesses—i.e., testimony not based upon the witness's perception—is generally considered inadmissible."). Finally, although it's a closer call whether the question of what result Mr. Stewart expected of the Dunns'

criminal proceedings asked for speculation, the court's decision did not amount to a clear error of judgment. *See Chrysler*, 280 F.3d at 1362. Accordingly, the district court did not abuse its discretion by excluding these portions of Mr. Stewart's testimony.

## II.

Second, we address the district court's refusal to give the Dunns' requested jury instruction. We review that decision for an abuse of discretion. *United States v. Hill*, 643 F.3d 807, 850 (11th Cir. 2011). "We will reverse a district court's refusal to give an instruction only if: (1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant's ability to defend himself." *Id.* (internal quotation marks omitted). There is no reversible error where "the charges, considered as a whole, sufficiently instruct the jury so that the jurors understand the issues involved and are not misled." *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1525 (11th Cir. 1985).

The Dunns argue that the district court should have instructed the jury that it could infer malice from Mr. Stewart's use of the criminal process to collect the alleged debt. To prevail on a malicious prosecution claim under Georgia law, a plaintiff must show the following: "(1) prosecution for a criminal offense; (2) the

prosecution instigated under a valid warrant, accusation or summons; (3) termination of the prosecution in favor of plaintiff; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff." *Nicholl v. A&P Tea Co.*, 238 Ga. App. 30, 32 (1999). "Malice consists of: (1) personal spite, or (2) general disregard of the right consideration of mankind, directed by chance against the individual injured." *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 75 (2000) (internal quotation mark omitted). The Georgia Constitution provides that "[t]here shall be no imprisonment for debt." Ga. Const. art. I, § 1, para. XXIII.

The district court did not abuse its discretion when it refused to give the Dunns' proposed jury instruction. The district court properly instructed the jury on the elements of malicious prosecution and the definition of malice under Georgia law. Thus, the jury instructions sufficiently instructed the jurors, and the jurors were not misled. *See Pesaplastic*, 750 F.2d at 1525. Further, we are not persuaded by the Dunns' reliance on *Jordan v. Mosley*, as that case addressed actual malice in the context of deciding whether a public official was entitled to official immunity. 487 F.3d 1350, 1357 (11th Cir. 2007). Therefore, we affirm the district court.

**AFFIRMED.**